10-1798-cv
Graham v. People of the City of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of November, two thousand eleven.

PRESENT:
> JOHN M. WALKER, JR.,
> ROBERT A. KATZMANN,
> RICHARD C. WESLEY,
> > *Circuit Judges*.

---

Tremain L. Graham,

> *Plaintiff-Appellant*,

> v. 10-1798-cv

The People of the City of New York,
Police Officer Juana Ortiz, Police Officer Sonya Yi,
Detective Michael, Detective Henry, 83rd Precinct,

> *Defendants-Appellees*.

---

FOR APPELLANT: Tremain L. Graham, *pro se*, Jamaica, N.Y.

FOR APPELLEE: Janet L. Zaleon and Kristin M. Helmers, on behalf of Michael A. Cardozo, Corporation Counsel of the City of New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Gleeson, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Tremain L. Graham, proceeding *pro se*, appeals from the district court's dismissal of his action pursuant to Rule 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure due to his non-compliance with discovery orders. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

It is the rule in this Circuit that a party's "failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam). This Court has explained that a *pro se* party's failure to object to a magistrate judge's report within the time limit prescribed by 28 U.S.C. § 636(b)(1), fourteen days, does not operate as a waiver of the right to appellate review of the district court's adoption of the magistrate judge's recommendation unless the magistrate judge's report "explicitly states that failure to object to the report within [fourteen] days will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and [R]ules 72, 6(a) and 6(e) of the Federal Rules of Civil Procedure." *Id.*

Graham failed to object to the magistrate judge's report after receiving notice that he had fourteen days to file objections and that the failure to do so "generally waives any further judicial review." *Graham v. People of the City of N.Y.*, 07-cv-1690 (E.D.N.Y. Dec. 30, 2009). Although the magistrate judge did not cite to 28 U.S.C. § 636(b)(1) and Rules

2

6(a) and 6(e) of the Federal Rules of Civil Procedure, this "was not a material omission due to the clear notice otherwise provided in the report." *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992). Indeed, the magistrate judge provided adequate authority for application of the waiver rule by citing *Small*. *See Graham*, 07-cv-1690. Accordingly, Graham has forfeited his right to appellate review.

However, because this waiver rule is non-jurisdictional, the Court, in its discretion, may excuse a party's failure to object "in the interests of justice." *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993). Nevertheless, even if we were to excuse Graham's failure to object, we would conclude that the district court acted within its discretion in adopting the magistrate judge's recommendation of dismissal. *See Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (per curiam); *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994) (per curiam) ("The severe sanction of dismissal with prejudice may be imposed even against a plaintiff who is proceeding *pro se*, so long as a warning has been given that noncompliance can result in dismissal.").

Finally, because the district court's Rule 37 dismissal was proper, Graham's appeal is moot insofar as he seeks to argue the underlying merits of the action.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3