Antonmarchi v. Consol. Edison Co. of New York, Inc.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of March, two thousand thirteen.

PRESENT:
> JOHN M. WALKER, JR.,
> GERARD E. LYNCH,
> SUSAN L. CARNEY,

_____

Ariel Antonmarchi,

        *Plaintiff-Appellant*,

    v.                                  12-1849

Consolidated Edison Company of New York, Inc.,

        *Defendant-Appellee*.

_____

| | |
|---|---|
| **FOR PLAINTIFF -APPELLANT:** | Ariel Antonmarchi, *pro se*, Staten Island, NY. |
| **FOR DEFENDANT-APPELLEE:** | Lawrence R. Sandak, Amanda Dealy Haverstick, Daniel Louis Saperstein, Proskauer Rose LLP, Newark, NJ. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Laura Taylor Swain, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Ariel Antonmarchi, *pro se*, appeals from: (1) an order granting partial summary judgment to defendant-appellee Consolidated Edison Company of New York, Inc. ("Con Edison") on the ground that certain of his claims brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and Section 740 of the New York State Labor Law ("§ 740"), were untimely, and (2) a final judgment dismissing his action pursuant to Federal Rule of Civil Procedure 37(b) and the district court's inherent authority due to his willful noncompliance with the district court's discovery orders and his withholding of relevant discovery material, some of which was spoliated. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Federal Rule of Civil Procedure 37(b) provides that, when a party fails to comply with a discovery order, a court may impose sanctions that include dismissal of the action in whole or in part. *See* Fed. R. Civ. P. 37(b)(2)(A)(v). We review the imposition of sanctions for abuse of discretion, and the factual findings made in support of the district court's decision for clear error. *See S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 143 (2d Cir. 2010); *see also Sieck v. Russo*, 869 F.2d 131, 134 (2d Cir. 1989) ("We . . . prefer to . . . provide the teeth to enforce discovery orders by leaving it to the district court to determine which sanction from among the available range is appropriate."). We have indicated that "[s]everal factors may be useful in evaluating a district court's exercise of discretion" to impose sanctions pursuant to Rule

2

37, including: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance[;] and (4) whether the non-compliant party had been warned of the consequences of noncompliance." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302-03 (2d Cir. 2009) (internal quotation marks and ellipsis omitted).

We have reviewed the record in light of these principles and affirm the district court's dismissal with prejudice of Antonmarchi's action. First, the record amply supports the district court's finding that Antonmarchi's noncompliance was willful. Antonmarchi represented to the district court that he possessed relevant evidence, brandishing several documents during a court conference, which he later claimed were not in fact relevant. He then defied two court orders to produce the documents immediately, waiting more than six weeks to produce any material to Con Edison. In addition, Antonmarchi admitted to concealing and spoliating discoverable evidence by shipping boxes of relevant documents to Puerto Rico during the pendency of his litigation, and failing to produce another box of documents that was later destroyed when his basement flooded in 2005. Second, the efficacy of lesser sanctions to correct Antonmarchi's noncompliance is doubtful, given that the court gave him two opportunities to comply with its orders, neither of which he took. Antonmarchi refused to provide the address to which he claimed he had shipped the documents. Instead, Antonmarchi flouted his discovery obligations by testifying that the district court's orders "didn't matter" to him and that he had determined not to produce material even though he had been ordered to do so. Third, the noncompliance was extended. The district court had already previously imposed lesser sanctions for lesser discovery violations, namely a reopening of discovery for defendants and an obligation that Antonmarchi

3

sit for a second deposition. Finally, Antonmarchi was given notice that the action might be dismissed for failure to comply with discovery orders and an opportunity to respond. *See World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155, 160 (2d Cir. 2012) ("Parties must be given notice and an opportunity to respond before a cause of action, or potential remedy, is dismissed as a sanction for failure to comply with court orders.").

Because we conclude that the district court did not abuse its discretion in dismissing the action, Antonmarchi's objections to the grant of summary judgment are moot, as all claims would have been dismissed under Rule 37 even had they survived summary judgment. *See Graham v. City of New York*, 443 F. App'x 657, 659 (2d Cir. 2011) ("[B]ecause the district court's Rule 37 dismissal was proper, Graham's appeal is moot insofar as he seeks to argue the underlying merits of the action.").

In any event, Antonmarchi's challenges to the grant of summary judgment fail on the merits. We review a grant of summary judgment de novo and affirm if the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine issues of material fact, we are "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted). However, "conclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion." *Davis v. State of New York*, 316 F.3d 93, 100 (2d Cir. 2002).

Our review of the record reveals no error in the district court's decision that certain of Antonmarchi's Title VII and § 740 claims should be dismissed as time-barred. First, with respect to his Title VII claims, the district court correctly determined that a plaintiff in a Title VII action must file a charge of discrimination or retaliation with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the alleged conduct. *See* 42 U.S.C. § 2000e-5(e)(1). Because Antonmarchi filed his charge with the EEOC on April 2, 2003, the district court correctly found that only incidents occurring on or after June 6, 2002 were actionable. While Antonmarchi attempts to save certain of his Title VII claims by asserting that he had filed a charge with the EEOC at an earlier date, our review of the record confirms that, even though he may have been in contact with the EEOC prior to April 2003, he did not file any formal charge until that time. Accordingly, the district court was correct that conduct pre-dating June 6, 2002 was not actionable under Title VII.

Second, with respect to his claims under § 740, Antonmarchi challenges only the district court's determination that equitable tolling of those claims was not appropriate under the circumstances of this case. We review a district court's decision to deny equitable tolling for abuse of discretion. *See Zerilli-Edelglass v. N.Y. City Transit Auth.*, 333 F.3d 74, 81 (2d Cir. 2003). When determining whether equitable tolling is appropriate, a district court must consider whether the person seeking application of the doctrine has "acted with reasonable diligence during the time period she seeks to have tolled," and has proved that the circumstances are so extraordinary that the doctrine should apply. *Chapman v. ChoiceCare Long Island Term Disability Plan*, 288 F.3d 506, 512 (2d Cir. 2002). Thus, equitable tolling is considered appropriate where, for example, a plaintiff was unaware of his cause of action due to misleading

5

conduct of the defendant, *see Miller v. Int'l Tel. & Tel. Corp.*, 755 F.2d 20, 24 (2d Cir. 1985), or where a plaintiff's medical condition or mental impairment prevented him from proceeding in a timely fashion, *see*, *e.g.*, *Brown v. Parkchester S. Condos.*, 287 F.3d 58, 60-61 (2d Cir. 2002).

In this case, there was no claim that Con Edison did anything to conceal from Antonmarchi any legal rights he may have had, or that Antonmarchi suffered from a medical condition or impairment that prevented him from filing his complaint on time. Instead, Antonmarchi asserted in district court that he was late in filing his complaint because he was unaware of the statute of limitations, and because he had received incorrect information from a third party concerning his remedies. The district court properly exercised its discretion in rejecting those assertions, reasoning that ignorance of the law is not sufficient to justify equitable tolling and that Antonmarchi otherwise failed to demonstrate extraordinary circumstances to justify application of the doctrine in his case.

We have considered Antonmarchi's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6