13-0556-cv
*Metro v. Arch, et al.*,

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of January, two thousand fourteen.

Present:     Robert D. Sack,
             Peter W. Hall,
             Debra Ann Livingston,

                    *Circuit Judges*.

─────────────────────────────────────────────

Metro Foundation Contractors, Inc.,

            *Plaintiff-Counter-Defendant-Appellant*,

        v.

                                                        13-0556-cv

Arch Insurance Company,

            *Defendant-Third-Party-Plaintiff-Appellee,*

Marco Martelli Associates, Inc,

            *Third-Party-Defendant-Counter-Claimant-Appellee*,

Martelli Real Estate, Inc., Marco Martelli, Madeline Martelli, Ronald Kuhlmann, Patrick J. Quigley,

            *Third-Party-Defendants-Appellees*.[1]

─────────────────────────────────────────────

[1] The Clerk of the Court is directed to amend the caption accordingly.

FOR APPELLANT:          Bryan Ha, White Plains, New York.

FOR APPELLEES:          Steven H. Rittmaster (Lawrence S. Novak, *on the brief*) Torre, Lentz, Gamell, Gary & Rittmaster, LLP, Jericho, New York, *for* Arch Insurance Company.

                        Joshua D. Olsen, Mastropietro-Frade, LLC, Mineola, New York, *for* Marco Martelli Associates, Inc., Martelli Real Estate, Inc., Madeline Martelli, Ronald Kuhlmann, Patrick J. Quigley.

Appeal from a judgment of the United States District Court for the Southern District of New York, (Forrest, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part, **VACATED** in part, and **REMANDED** for proceedings consistent with this summary order.

Metro Foundation Contractors, Inc., ("Metro") appeals the district court's judgment in favor of Marco Martelli Associates ("MMA") on its claims for breach of contract and indemnification and dismissing Metro's claims against Arch Insurance Company ("Arch"). On appeal, Metro argues that the district court erred when it entered judgment in favor of MMA on MMA's claims against Metro and that its award of attorney's fees was excessive. Metro also argues that the district court abused its discretion when it dismissed Metro's claims against Arch based on Metro's spoliation of evidence. We assume the parties' familiarity with the underlying facts and procedural history of the case.

"Imposing sanctions pursuant to Rule 37 is within the discretion of the district court and a decision to dismiss an action for failure to comply with discovery orders will only be reversed if the decision constitutes an abuse of that discretion." *World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155, 159 (2d Cir. 2012) (internal quotation marks omitted).

2

In examining a district court's exercise of its discretion pursuant to Rule 37, we evaluate "(1) the willfulness of the non-compliant party; (2) the efficacy of lesser sanctions; (3) the duration of the noncompliance; and (4) whether the non-compliant party had been warned that noncompliance would be sanctioned." *Guggenheim Capital, L.L.C. v. Birnbaum*, 722 F.3d 444, 451 (2d Cir. 2013) (internal quotation marks omitted).

Metro contends that it did not willfully disobey the district court's discovery orders, and thus, the district court abused its discretion in entering default judgment against Metro on the claims brought by MMA. Noting Metro's intransigence, the district court found that Metro had willfully disobeyed its discovery orders. It stated in pertinent part,

> Metro has declined to participate further in discovery and has blatantly disregarded multiple warnings and orders. . . . The Court has already precluded Metro from relying on the documents it has continuously and willfully failed to produce. Metro has suggested that no sanction short of a default judgment on liability that will remedy its egregious failures to produce documents and its failure to comply with the Court's orders. In short, Metro's conduct is plainly willful.

Joint App. 261-262.

Given Metro's recalcitrance this finding was not clearly erroneous. *See generally Baba v. Japan Travel Bureau Int'l, Inc.*, 111 F.3d 2, 5 (2d Cir. 1997) (per curiam) (holding that plaintiff willfully disregarded the court's discovery orders for more than a year in the face of repeated warnings that her actions could result in dismissal); *John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc*. 845 F.2d 1172, 1177 (2d Cir. 1988) (affirming dismissal of complaint where district court issued three orders including two warnings that failure to obey would result in dismissal).

Next Metro argues that the district court abused its discretion by dismissing its claims against Arch for spoliation of evidence. "Dismissal of a case as a sanction for spoliation of evidence is reviewed under an abuse of discretion standard." *West v. Goodyear Tire & Rubber*

3

*Co.*, 167 F.3d 776, 779 (2d Cir. 1999). "Although a district court has broad discretion in crafting a proper sanction for spoliation, we have explained that the applicable sanction should be molded to serve the prophylactic, punitive, and remedial rationales underlying the spoliation doctrine." *Id.* In particular we have recognized that a sanction should "(1) deter parties from engaging in spoliation; (2) place the risk of an erroneous judgment on the party who wrongfully created the risk; and (3) restore the prejudiced party to the same position he would have been in absent the wrongful destruction of evidence by the opposing party." *Id.* (internal quotation marks omitted). "Dismissal is appropriate if there is a showing of willfulness, bad faith, or fault on the part of the sanctioned party." *Id.*

Metro maintains that the district court failed to find that Metro acted with the requisite state of mind warranting dismissal. With respect to Metro's state of mind, Judge Forrest observed,

> I think that to the extent the standard of spoliation is what it is, and it does require -- there was an intent component to it here. There was a preservation obligation that was absolutely clear. The preservation obligation was not met. . . . The finding on the Rule 37 sanction does include my determination as to state of mind.

Joint App. 1127. Here, in determining Metro's state of mind the district court considered Metro's obligation to preserve the relevant documents, its long history in failing to produce the documents, and its contention that it had lost them. Having reviewed the record, we hold that the district court's finding regarding Metro's state of mind was sufficiently supported and did not exceed the bounds of its discretion in dismissing Metro's claims against Arch.

Metro further suggests that the district court failed to consider lesser sanctions before dismissing its claims. We have previously observed that because dismissal is a "drastic remedy, it should be imposed only in extreme circumstances, usually after consideration of alternative, less drastic sanctions." *West,* 167 F.3d at 779 (internal quotation marks omitted). Although in

4

some circumstances excluding evidence in a party's case is an appropriate lesser sanction, here, Judge Koetle's preclusion of the same documents failed to motivate Metro into producing the requested documents to MMA. Moreover, such exclusion would only serve to benefit Metro. Indeed, the record establishes that the documents that Arch sought in discovery from Metro were central to Arch's ability to challenge Metro's claims. Considering Metro's dilatory behavior and continual disrespect for district court orders, the court was within its discretion in dismissing Metro's claims against Arch.

Metro also contends that the district court erred in awarding $187,804.68 attorneys' fees. "Under New York law, a contract that provides for an award of reasonable attorneys' fees to the prevailing party in an action to enforce the contract is enforceable if the contractual language is sufficiently clear." *NetJets Aviation, Inc. v. LHC Comms., LLC*, 537 F.3d 168, 175 (2d Cir. 2008). "Where a district court has awarded attorneys' fees under a valid contractual authorization, we recognize that it has broad discretion in doing so, and an award of such fees may be set aside only for abuse of discretion." *U.S. Fid. & Guar. Co. v. Braspetro Oil Servs. Co.*, 369 F.3d 34, 74 (2d Cir. 2004) (internal quotation marks omitted). Our review of the record leads us to conclude that Metro has not established that the district court committed reversible error in awarding attorney's fees.

Metro also argues that the judgment for money damages was incorrectly entered in favor of all of the third-party defendants, rather than MMA alone. We agree. The claims brought against Metro as part of the answer to Arch's third-party complaint were brought on behalf of MMA and not the other third-party defendants. Accordingly, we vacate the district court's judgment in favor of all of the third-party defendants on the claims against Metro and remand with instructions to reenter the judgment in the amount of $187,805.68 in favor of MMA only.

5

We have considered all of Metro's remaining arguments and determine them to be without merit; accordingly, the district court's judgment is **AFFIRMED** in part, **VACATED** in part, and **REMANDED** for proceedings consistent with this summary order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk