**12-263**
*Pichardo v. C.R. Bard, Inc.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of April, two thousand fourteen.

PRESENT:
> **DENNIS JACOBS,**
> **PIERRE N. LEVAL,**
> **GUIDO CALABRESI,**
> *Circuit Judges.*

---

**GLENNY PICHARDO,**

> *Plaintiff-Appellant*,

v.                                                                      No. 12-263

**C.R. BARD, INC., a New Jersey Corporation, BARD PERIPHERAL VASCULAR, INC., A subsidiary and/or division of defendant C.R. Bard, Inc. An Arizona corporation,**

> *Defendant-Appellees.*

---

FOR PLAINTIFF-APPELLANT:          Christopher J. Donadio (Jean M. Prabhu, Burns & Harris, New York, NY, *on the brief*), Burns & Harris, New York, NY.

**FOR DEFENDANT-APPELLEES:**     Richard B. North, Jr. (Taylor T. Daly, & Deirdre S. McCool, Nelson Mullins Riley & Scarborough LLP, Atlanta, GA and Daniel K. Winters & Janice D. Kubow, Reed Smith LLP, New York, NY, *on the brief*), Nelson Mullins Riley & Scarborough LLP, Atlanta, GA.

_____

Appeal from the judgment of the United States District Court for the United States District Court for the Southern District of New York (Stein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and the case is **REMANDED** for further proceedings.

Plaintiff Glenny Pichardo appeals from the district court's grant of summary judgment in favor of defendants C.R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively "Bard") dismissing Pichardo's claims for negligence, manufacturing and design defects, breach of express and implied warranties, and breach of the duty to warn. Pichardo also appeals from the district court's denial of her untimely motion to extend her time for disclosure of her experts. We assume familiarity with the underlying facts, the proceedings below, and the issues on appeal.

A.    **Pichardo's Expert Evidence**

Pichardo alleges that she was injured by a defect in a Bard inferior vena cava ("IVC") filter (the "Bard Recovery Filter") that was surgically implanted in her and subsequently broke, causing two struts from the filter to fragment and embolize. After the close of discovery, Bard moved for summary judgment.

2

To make a prima facie showing of product liability, Pichardo relied on expert reports prepared by five experts in *Lindsay v. C.R. Bard, Inc.*, 09-cv-05475-SHS (S.D.N.Y. filed June 15, 2009), a similar case involving a fractured Bard Recovery filter implanted in a different patient. None of these experts examined Pichardo or her filter. The district court found that Pichardo had not retained any of the five as expert witnesses at the time she submitted her expert disclosures, and that none of their reports refer to either Pichardo or the particular filter implanted in her. Tr. of Oral Arg. at 45-50, *Pichardo v. C.R. Bard, Inc.,* No. 09-cv-7653 (S.D.N.Y. Dec. 22, 2011) ("Tr. of Oral Arg."). The court concluded that the five reports did not qualify as evidence in Pichardo's case and that Pichardo consequently "presented no evidence of what caused [her] injuries." Tr. of Oral Arg. at 50. The court granted Bard's motion for summary judgment on this basis.

With respect to four of the five experts whose reports Pichardo submitted, the district court was correct that Pichardo never retained them. Unretained expert witnesses are not generally subject to subpoena. Fed. R. Civ. P. 45(d)(3)(B)(ii). In order to rely on their evidence, a plaintiff must secure their agreement to testify. Accordingly, the district court properly found that Pichardo showed no ability to proffer the evidence contained in those reports of the four unretained experts. However, as for Dr. Joseph F. Dyro, Pichardo asserted she had retained him as an expert witness and, in support, submitted a check paid to Dr. Dyro which included in its memo line "Pichardo Glenny Expert Review." *Pichardo v. C.R. Bard, Inc.*, No. 12-0263-cv, Joint App'x ("JA") 1400 (Apr. 30, 2012).

The district court rejected Pichardo's contention that she had retained Dr. Dyro at the time she submitted his report. The court relied on the fact that the check payable to Dr. Dyro

3

post-dated Pichardo's submission of his report. Tr. of Oral Arg. at 45. The fact that Pichardo's check post-dated her filing of Dr. Dyro's report does not provide a sufficient basis to reject Pichardo's assertion that she had retained him before the check was drawn. What mattered was whether Pichardo and Dr. Dyro had agreed that he would appear on her behalf—not whether he had been paid. (Furthermore, there is no requirement that an expert witness be paid. Experts may volunteer their services as a witness.) We conclude that the district court did not have an adequate basis to reject Pichardo's assertion that she had retained Dr. Dyro as an expert witness on her behalf.

The district court's rejection of Dr. Dyro's report was also premised on the court's observation that none of the five experts whose reports Pichardo submitted had examined either Pichardo or her filter, and none of their reports purported specifically to address her case. The court concluded, "Without reports that can speak to the effect of Pichardo's injuries and the cause of Pichardo's injuries, there is absolutely no evidence here to prove causation specific to her claims." Tr. of Oral Arg. at 48-49. We disagree.

Bard conceded in its Rule 56.1 statement, submitted in support of its summary judgment motion, that a Bard Recovery filter was implanted in Pichardo, that it fractured, and that fragmented pieces "embolized—one to Ms. Pichardo's right ventricle and the other to the left lower lobe (lung)." JA at 623. In addition, Dr. Dyro's report opined that "[e]lectropolishing of nitinol was known to be effective in improving fracture resistance at the time of the design of the Recovery filter," JA at 372, and that "Bard failed to incorporate nitinol electropolishing of the Recovery filter to enhance fatigue resistance." JA at 374. While it is undoubtedly true in many cases that, in order to give relevant evidence, an expert must have examined facts relating

4

specifically to the plaintiff, this is not invariably so. In any event, Dr. Dyro's report did address a Bard product identical to the one implanted in Pichardo and the fact that, in manufacturing it, Bard had not employed a process which was known at the time to improve resistance to fracture. We do not decide whether his report was sufficient to allow Pichardo to withstand summary judgment. We express no view either way on that question. Nonetheless, the report did have pertinence to Pichardo's case, even if he had never examined her or the very filter that was implanted in her.

### B. The Dismissal of Pichardo's Case

The IVC filter was surgically removed from Pichardo on June 1, 2011, two months after the court's deadline for Pichardo's expert reports. Nearly two months after the surgical retrieval of the filter—that is, nearly four months after Pichardo's expert reports were due—Pichardo's attorney moved to extend discovery in order to provide expert witnesses an opportunity to examine the filter. The district court denied Pichardo's motion for lack of good cause, emphasizing that Pichardo's attorney had no reason for her delay in seeking the extension. Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) ("[A] finding of 'good cause' depends on the diligence of the moving party."). As that ruling effectively prevented Pichardo from presenting evidence the court considered necessary to oppose the motion for summary judgment, the court then granted Bard's motion for summary judgment.

While the court's order of dismissal took the form of a grant of summary judgment based on Pichardo's failure to produce evidence showing a triable issue of fact, in substance, the district court's ruling was in the nature of a dismissal as a sanction for failing to adhere to the

district court's scheduling order. The ruling was not based on Pichardo's inability to produce expert evidence needed to show a triable issue of fact; rather, it was based on Pichardo's attorney's failure to discharge her obligations to prepare the case within the time permitted by the court's scheduling order, including her failure to retain Pichardo's expert witnesses or even have any of them examine Pichardo (or the filter fragment that was previously removed from Pichardo) within the discovery period. What is more, Pichardo's attorney had appeared before the court at a pretrial conference on June 3, 2011, two days *after* Pichardo's filter was retrieved, but neglected to request an extension at that conference, instead waiting nearly two more months to file her request.

The court's frustration with Pichardo's attorney is understandable, particularly in light of the fact that the court had previously granted Pichardo two extensions of discovery.

In *World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*, we vacated a district court order striking the plaintiff's expert report and demand for damages, because the order was "akin to dismissing the action altogether," as a sanction for the untimeliness of plaintiff's expert disclosure. 694 F.3d 155, 159 (2d Cir. 2012). We explained, "[I]n deciding on the suitability of lesser sanctions [than dismissal of the plaintiff's case], and whether the sanctions should be aimed primarily against the party or the attorney, it can be important for the district court to assess the relative roles of attorney and client in causing the delay, as well as whether a tactical benefit was sought by the [misconduct]." *Id.* (quoting *Dodson v. Runyon*, 86 F.3d 37, 40 (2d Cir. 1996)). We concluded that "because the attorney's failure was one of sloppiness or negligence and did not seek an unfair advantage over the adversary in the litigation, the late filing of the report did not warrant so drastic a sanction of the plaintiff (as opposed to the lawyer)." *Id.* at 160.

6

We added, "While we do not doubt that a sanction is appropriate, the facts before us suggest that sanctions should be imposed on the attorney, and not bar [the plaintiff] from a full presentation of its case." *Id.*

Similarly, in the instant case, the district court's denial of Pichardo's motion to extend discovery and consequent grant summary judgment to Bard were, in substance, sanctions for her attorney's negligent failure to comply with the court's scheduling order. In *Dodson*, we reviewed a district court's dismissal for failure to prosecute and reasoned that "the more the delay was occasioned by plaintiff's personal obstruction, or was designed to benefit the plaintiff's strategic interests, the more suitable the remedy of dismissal. Conversely, the more the delay was occasioned by the lawyer's disregard of his obligation toward his client, the more this factor argues in favor of a less drastic sanction imposed directly on the lawyer." *Dodson*, 86 F.3d at 40. Here, it is clear (especially in view of the fact that the main body of the filter was not extracted from Pichardo's body until shortly after the close of the time allowed for filing expert reports) that Pichardo herself was without fault in causing the delays and that her attorney's delays and failures to act within the time set by the court's schedule were not strategically designed to disadvantage the adversary, but were simply the product of sloppiness and neglect. While the district court's frustration is altogether understandable, we believe that it would be more appropriate for the court to sanction Pichardo's attorney rather than bar Pichardo from completing necessary expert examinations and, as a consequence, dismissing her case. *See World Wide Polymers, Inc.*, 694 F.3d at 160; *Dodson*, 86 F.3d at 42.

7

For the reasons set forth above, we VACATE the judgment and REMAND for further proceedings not inconsistent with this ruling.[1]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] On remand, we request the district court to ensure that Pichardo personally receives a copy of this Summary Order.