25-1582-cv
Cleaveland v. Home Depot USA, Inc.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of April, two thousand twenty-six.

PRESENT: RAYMOND J. LOHIER, JR.,
STEVEN J. MENASHI,
SARAH A. L. MERRIAM,
*Circuit Judges*.

------------------------------------------------------------------

JOSHUA CLEAVELAND,

*Plaintiff-Appellant*,

v.                                                            No. 25-1582-cv

HOME DEPOT USA, INC., TRICAM
INDUSTRIES, INC.,

*Defendants-Appellees*.

------------------------------------------------------------------

1

FOR PLAINTIFF-APPELLANT:    JACK G. STEIGELFEST, Howard, Kohn, Sprague & FitzGerald LLP, Hartford, CT

FOR DEFENDANTS-APPELLEES:    JONATHAN R. SICHTERMANN, Parsky & Galloway, LLC, Chicago, IL

Appeal from a judgment of the United States District Court for the District of Connecticut (Sarala V. Nagala, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff Joshua Cleaveland appeals from the June 10, 2025 judgment of the United States District Court for the District of Connecticut (Nagala, *J.*) granting the motions by the Defendants, Home Depot USA, Inc. and Tricam Industries, Inc., to exclude the testimony of Cleaveland's expert, Dr. Jonathan Slocum, and for summary judgment. Cleaveland also challenges the District Court's order denying his motion for leave to supplement his expert report. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Cleaveland was injured after falling off a Tricam Model GLX-5B ladder (the "Tricam ladder") that had been manufactured and sold by the Defendants. Cleaveland originally sued in state court under the Connecticut Product Liability

Act, Conn. Gen. Stat. § 52-572m *et seq.*, and the Defendants removed the action to federal court on the basis of diversity jurisdiction. In November 2024, one month after the close of all discovery, Cleaveland moved for leave to supplement the initial report of his expert, Dr. Slocum. The District Court denied the motion. In June 2025 the District Court granted the Defendants' motions to exclude Dr. Slocum's initial expert report and for summary judgment.

## I. Motion to Supplement

Cleaveland first argues that the District Court erred in denying his motion to supplement Dr. Slocum's expert report. In excluding the untimely supplemental report, the District Court relied on Federal Rule of Civil Procedure 37(c)(1), which provides that a party that fails to disclose information as required under Rule 26(a) "is not allowed to use that information . . . to supply evidence on a motion . . . unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). We review the District Court's exclusion of testimony under Rule 37(c)(1) for abuse of discretion. *See Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006).

Cleaveland asks us to view the District Court's denial of his motion to supplement Dr. Slocum's report as akin to a dismissal, which we have called "a

3

drastic remedy that should be imposed only in extreme circumstances, usually after consideration of alternative, less drastic sanctions." *World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155, 159 (2d Cir. 2012) (cleaned up). We are unpersuaded. The District Court's denial of Cleaveland's motion to supplement neither eliminated any of Cleaveland's claims nor precluded Cleaveland from relying on Dr. Slocum's initial report. *See id.* (describing a district court's decision to strike a request for damages as "akin to dismissing the action altogether"). Indeed, Cleaveland continued to litigate his claims for several months after the denial, and the District Court reviewed additional briefing and heard oral argument. Contrary to Cleaveland's assertions, therefore, the denial of leave to file a supplemental expert report was not tantamount to dismissal.

Nor are we persuaded that the District Court abused its discretion in denying Cleaveland's motion to supplement under Rule 37(c)(1). In assessing the denial, we consider "(1) the party's explanation for the failure to comply with the disclosure requirement; (2) the importance of the testimony of the precluded witnesses; (3) the prejudice suffered by the opposing party . . .; and (4) the possibility of a continuance." *Patterson*, 440 F.3d at 117 (cleaned up). Cleaveland

4

never explained when he learned that his expert would need more time and why he did not promptly notify the District Court after learning that his expert needed more time. And, as Cleaveland acknowledges, the late disclosure prejudiced the Defendants, who had already moved for summary judgment. On this record, we cannot say that the District Court exceeded its "wide discretion" under Rule 37(c)(1) in denying Cleaveland's motion to supplement. *See Outley v. City of New York*, 837 F.2d 587, 590 (2d Cir. 1988).

## II.     Exclusion of Expert Testimony

Cleaveland next argues that the District Court erred in excluding Dr. Slocum's initial expert report under Rule 702 of the Federal Rules of Evidence. "We review a district court's decision to . . . exclude expert testimony under a highly deferential abuse of discretion standard." *Bustamante v. KIND, LLC*, 100 F.4th 419, 426 (2d Cir. 2024) (quotation marks omitted). The decision to exclude expert testimony "is not an abuse of discretion unless it is manifestly erroneous." *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 265 (2d Cir. 2002) (quotation marks omitted).

It was not manifestly erroneous for the District Court to exclude Dr. Slocum's initial report on the ground that his conclusions were speculative. In

5

concluding that a defect in the Tricam ladder had caused Cleaveland's injury, Dr. Slocum stated only that he had "visually inspected" the ladder, measured its "height/wall thickness ratio," and "reviewed an exemplar ladder." Joint App'x 66–68. Because "[t]he failure to test a theory of causation can justify a trial court's exclusion of the expert's testimony," *Brooks v. Outboard Marine Corp.*, 234 F.3d 89, 92 (2d Cir. 2000), the District Court acted well within its discretion in concluding that there was "simply too great an analytical gap" between Dr. Slocum's "data" and the "opinion [he] proffered," *Amorgianos*, 303 F.3d at 266 (quotation marks omitted).

Nor are we persuaded by Cleaveland's argument that the District Court erred in excluding the portion of Dr. Slocum's report that compared the Tricam ladder to a regular step ladder. In a single sentence, Dr. Slocum opined that "[r]egular step ladders do not have th[e same] significant side load on the rails" as the Tricam ladder because "the steps are usually fixed to the front rails and independent of the spreader links." Joint App'x 69. But as the District Court observed, Dr. Slocum did not substantiate this conclusion with *any* evidence. *See Zaremba v. Gen. Motors Corp.*, 360 F.3d 355, 358–59 (2d Cir. 2004).

6

### III.   Summary Judgment

Finally, Cleaveland argues that the District Court should have denied the Defendants' motion for summary judgment on his design defect claims.[1] Cleaveland insists that he adduced admissible evidence to support that claim under Connecticut's consumer expectations test.  We disagree.

"We review the District Court's grant of summary judgment *de novo*, construing all evidence in the light most favorable to the non-moving party." *Baltas v. Maiga*, 119 F.4th 255, 262 (2d Cir. 2024).  Under Connecticut law, the consumer expectations test is "reserved for cases in which the product failed to meet the ordinary consumer's *minimum* safety expectations."  *Izzarelli v. R.J. Reynolds Tobacco Co.*, 321 Conn. 172, 194 (2016).  The test is "appropriate only when the incident causing injury is so bizarre or unusual that the jury would not need expert testimony to conclude that the product failed to meet the consumer's expectations."  *Fajardo v. Bos. Sci. Corp.*, 341 Conn. 535, 559 (2021) (cleaned up).

The test does not apply here because Cleaveland relied on a rather

---

[1] Cleaveland originally asserted claims "for manufacturing defect, design defect, failure to warn, breach of express warranties, breach of implied warranty of merchantability, and punitive damages."  Joint App'x 281.  Defendants assert that he forfeited or waived any challenge to all claims other than the design defect claims, *see* Appellees' Br. 26–28, and at oral argument counsel for Cleaveland agreed that he is pursuing only the design defect claims on appeal.

technical theory to explain how the side loads exerted on the Tricam ladder's

linkage connection contributed to its premature buckling. We therefore identify

no error in the District Court's conclusion that the case presents "issues beyond

common knowledge and experience," *id.* at 565 (quotation marks omitted), to

which the consumer expectations test is inapplicable. Accordingly, we conclude

that the District Court did not err in granting summary judgment following the

exclusion of Dr. Slocum's expert report.

## CONCLUSION

We have considered Cleaveland's remaining arguments and conclude that

they are without merit. For the foregoing reasons, the judgment of the District

Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8