Rene S. HANDWERKER, Plaintiff,

v.

AT & T CORP., Defendant.

No. 00 CIV. 4030.

United States District Court,
S.D. New York.

Nov. 6, 2002.

Rene S. Handwerker, Brooklyn, NY, Pro se.

Jason J. Rozger, Beranbaum, Menken, Ben–Asher & Fishel, L.L.P., Rebecca Northey, Mussman & Northey, New York City, for Plaintiff.

Kristine J. Feher, Pitney, Hardin, Kipp & Szuch, L.L.P., Morristown, NJ, for Defendant.

## DECISION AND ORDER

MARRERO, District Judge.

By Decision and Order dated September 30, 2002 (the "Decision")[1] the Court granted defendant AT & T's motion to dismiss this action with prejudice pursuant Federal Rule of Civil Procedure 37(d) for the repeated failure of plaintiff Rene S. Handwerker ("Handwerker") to comply with orders of this Court directing discovery. Handwerker now moves for an Order pursuant to Local Civil Rule 6.3 granting reargument or reconsideration. For the reasons set forth below, the motion is denied.

■ Reconsideration of a court's previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Management Sys. Inc. Sec. Litig.*, 113 F.Supp.2d 613, 614 (S.D.N.Y.2000). Under Local Rule 6.3, which governs motions for reconsideration, the moving party must demonstrate controlling law or factual matters put before the court on the underlying motion that the movant believes the court overlooked and that might reasonably be expected to alter the court's decision. *See Lichtenberg v. Besicorp Group Inc.*, 28 Fed.Appx. 73, 74, 2002 WL 109483, *1 (2d Cir.2002); *SEC v. Ashbury Capital Partners, L.P.*, No. 00 Civ. 7898, 2001 WL 604044, (S.D.N.Y. May 31, 2001) (citing *AT & T Corp. v. Comty. Network Servs., Inc.*, No. 00 Civ. 316, 2000 WL 1174992, at *1 (S.D.N.Y. Aug. 18, 2000) and Local Rule 6.3). Local Rule 6.3 is intended to "ensure the finality of decisions and to prevent the practice of a losing party [from] examining a decision and then plugging the gaps of a lost motion with additional matters." *See id.* (citing *Carolco Pictures, Inc. v. Sirota*, 700 F.Supp. 169, 170 (S.D.N.Y.1988)). A court must narrowly construe and strictly apply Local Rule 6.3, so as to avoid duplicative rulings on previously considered issues, and to prevent the rule from being used as a substitute for appealing a final judgment. *See Shamis v. Ambassador Factors Corp.*, 187 F.R.D. 148, 150 (S.D.N.Y.1999); *In re Houbigant, Inc.*, 914 F.Supp. 997, 1001 (noting that a motion for reconsideration is not an opportunity for the moving party "to argue those issues already considered when a party does not like the way the original motion was resolved.").

■ Here, Handwerker's request cites no controlling law or factual matters the Court overlooked that might reasonably be expected to alter the outcome of the Decision. In fact, the Court took into account and rejected the various considerations Handwerker asserts as grounds for her motion.

Handwerker cites a statement in the Decision asserting that she began working for her current employer upon her termination by AT & T in 1989, whereas in fact her present employment commenced in 1998. The Court does not consider this inaccuracy material, relevant nor sufficient to alter the outcome of the Court's ruling. When the Court determined that the information AT & T had requested concerning Handwerker's current employer was discoverable and directed Handwerker to produce it, the Court's decision was not based in any way on the duration of that employment. The Court made no qualitative judgment as to whether or not the information AT & T requested was or was not "vital" to AT & T, nor as to whether it mattered how long Handwerker had been employed. Such assessment is immaterial to a determination under the Federal Rules of Civil Procedure concerning whether any particular information is subject to discovery. The applicable stan-

---

**1.** The Decision is reported as *Handwerker v.* *AT & T Corp.*, 211 F.R.D. 203 (S.D.N.Y.2002).

dard, as the Court reminded Handwerker, is whether or not the matter is relevant and appears reasonably likely to lead to the discovery of admissible evidence. *See* Fed.R.Civ.P. 26(a) and (b).

That Handwerker had been working at her current job for three rather than nine years is entirely beside the point. The argument does not address the fact that on numerous occasions, fully warned of the consequences, Handwerker defied the Court's Orders directing her to produce information concerning the identity and relevant particulars describing any employment she had following her departure from AT & T. Nor does it alter the essential principle the Court applied in this regard: that it was not up to the Handwerker, by repeated failure to comply with the Court's Orders, unilaterally to impose limits on the proper bounds of discovery. *See Handwerker*, 211 F.R.D. 203, 209.

Second, Handwerker refers to the state of her health as a factor impairing her ability to proceed and alleges that the Court does not mention this consideration. To the contrary, the Court specifically acknowledged the numerous occasions during the course of more than a year when Handwerker requested extensions allegedly based on health considerations. *See id.* at 204–05. The Court granted those additional extensions to complete discovery in order to accommodate Handwerker's medical needs. *See id.*

Handwerker next endeavors to fault the quality of her former counsel's representation as reasons for her failure to comply, alleging that she was not adequately apprised of her obligation to produce the court-ordered discovery without further delay. The Court finds this self-serving argument, and the allegations on which it is based, disingenuous and unpersuasive. Handwerker was reminded by the Court directly on numerous occasions of her duty to produce the discovery at issue, and of the insufficiency of her reasons for withholding it. *See id.* at 205–06. Her former counsel acknowledged in correspondence to the Court, of which Handwerker received copies, that he had warned her of the consequences of not complying. *See id.* Despite these numerous explicit instructions, Handwerker continued to stall and refuse to comply.

Finally, Handwerker asserts that she had substantially complied with the Court's final Order prior to the filing of AT & T's motion and that the delays were not all of her making. The Court disagrees. Handwerker's belated efforts to comply were not sufficient to overcome her longstanding intransigence. While the Court acknowledged attempts by Handwerker to produce some information on the final Court-imposed discovery deadline, it is undeniable that she had not fully produced all of the relevant information by then, and that she had not made herself available by to conclude her deposition. The Court's numerous Orders had directed Handwerker to *complete* all discovery, including her deposition, by the final date of March 31, 2002, rather than merely to begin making herself available at a later date, and offer self-selected portions of the information she had been ordered to produce months before. Neither is it sufficient, as the court has already considered, that Handwerker claims she had fully complied *after* the deadline and prior to AT & T's filing its motions. *See id.* at 210.

### ORDER

Accordingly, it is hereby

**ORDERED** that Handwerker's motion for reargument or reconsideration is DENIED.

**SO ORDERED.**