Sweet, D.J.
On March 19, 2018, Plaintiffs wrote to inform the Court that deposition testimony recently elicited from Defendant Hyun Ok Cho ("Cho") demonstrated that documents provided by Defendants to Plaintiffs through discovery were fabricated. Plaintiffs' Letter dated Mar. 19, 2018 ("Pls.' Ltr."), Dkt. No. 56. Plaintiffs highlighted testimony showing Cho created false "Bills of Sale," records of sale and transfer of property, for Defendant J & K Floral, the retail flower shop where Plaintiffs claim they suffered labor law violations, months after the commencement of the instant litigation to make it appear as though Cho was not Plaintiffs' employer. Id. at 2-5. Some of the excerpted pieces of deposition testimony included:
QUESTION: Okay. Now, pointing your attention to Page 3 of Exhibit 2 [the Bill of Sale, Dkt. No. 56, Ex. A], you will recall that Exhibit 2 says that it was signed on March 11, 2013, and page 3 of Exhibit 4 says that it was signed on March 5th of 2013.
CHO: Yes, I see it.
QUESTION: But they were both signed on the same date in 2016, in the presence of Mr. Kim [Cho's counsel]?
CHO: Yes.
QUESTION: Okay, and you know at the time that you signed the document that the contents of the document were false, correct?
CHO: Contents was false, yes, contends were false.
QUESTION: And you knew that at the time that you signed the document, correct?
CHO: Yes.
Pls.' Ltr. 4 - 5. For the fourth time in ten months, Plaintiff sought sanctions for Defendants' discovery violations. Id. at 6.
Plaintiffs' letter motion was heard on April 4, 2018. Since Plaintiffs' letter, Defendants has made no response in opposition to Plaintiffs' contentions, and at oral argument, Defendants offered no explanation for the inculpatory deposition testimony adduced by Plaintiffs.
"[D]ismissal with prejudice is a harsh remedy to be used only in extreme situations." Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759, 764 (2d Cir. 1990) ; see also Fed. R. Civ. P. 37(b) (affording courts "broad discretion in fashioning an appropriate sanction"). "In considering whether to impose the 'litigation-ending sanction' of default judgment for discovery abuse, courts have considered the following factors: (a) willfulness or bad faith on the part of the noncompliant party; (b) the history, if any, of noncompliance; (c) the effectiveness of lesser sanctions; (d) whether the noncompliant party had been warned about the possibility of sanctions;
*259 (e) the client's complicity; and (f) prejudice to the moving party. No one factor is dispositive." Stirrat v. Ace Audio/Visual, Inc., No. 02 Civ. 2842 (SJ), 2004 WL 2212096, at *2 (E.D.N.Y. Sept. 24, 2004) (quoting Am. Cash Card v. AT & T Corp., 184 F.R.D. 521, 524 (S.D.N.Y. 1999), aff'd 210 F.3d 354 (2d Cir. 2000) ). "Entry of a default judgment is a harsh remedy and is limited to cases involving 'willfulness, bad faith, or any fault' on the part of the disobedient party." Sony BMG Music Entm't v. Thurmond, No. 06 Civ. 1230 (DGT), 2009 WL 4110292, at *2 (E.D.N.Y. Nov. 24, 2009) (quoting Altschuler v. Samsonite Corp., 109 F.R.D. 353, 356 (E.D.N.Y. 1986) ).
Plaintiffs' first motion for discovery sanctions goes back almost a year now, to June 2017. Dkt. No. 29. Since that time, Defendants have repeatedly failed to follow clear Court orders directing document disclosures central to Plaintiffs' claims and to which Plaintiffs are entitled under Fed. R. Civ. P. 26, such as documents about the dates, hours, payroll, or duties for jobs Plaintiffs worked for Defendants. See Local Union No. 40 of the Int'l Ass'n of Bridge v. Car-Wi Const., 88 F.Supp.3d 250, 265 (S.D.N.Y. 2015) (internal citation, quotation marks, and alternation omitted) ("Purposefully limiting one's adversary's access to discoverable information is undoubtedly prejudicial, even to the extent that this information assists the Plaintiffs in proving their case."); Dkt. No. 31 at 3-4. When Defendants have responded to the Court, the responses have often been unclear and non-responsive, necessitating additional discovery compel motions by Plaintiffs. See Dkt. Nos. 29, 44, 48. At no point have Defendants presented a credible reason why they have failed, repeatedly, to turn over discovery in a timely fashion. See Robertson v. Doe, No. 05 Civ. 7046 (LAP), 2008 WL 2519894, at *5 (S.D.N.Y. June 19, 2008) ("Repeated refusal to comply with a discovery order is sufficient evidence of willfulness."); Handwerker v. AT & T Corp., 211 F.R.D. 203, 209 (S.D.N.Y. 2002) ("[A] party's persistent refusal to comply with a discovery order presents evidence of willfulness, bad faith or fault."). At other times, Defendants have also failed to appear before the Court for scheduled motion hearings.
Now, even the discovery eventually turned over is questionable. Plaintiffs' evidence of discovery malfeasance-uncontested and unexplained by Defendants-is simply the latest and most egregious example of violations of this Court's discovery orders. This process has been drawn out long enough. See Local Union No. 40, 88 F.Supp.3d at 265 (finding noncompliance "durations of time as brief as a few months have been held to weigh in favor of dispositive sanctions") (collecting cases). Since July 2017, Defendants have been warned about potential sanctions, Dkt. No. 36, and starting on September 11, 2017, have been given warnings that continued failure to comply with discovery orders would result in granting Plaintiffs' request to strike Defendants' Answer, see Dkt. Nos. 45, 50. See Ruiz v. Citibank, N.A., No. 10 Civ. 5950 (KPF) (RLE), 2014 WL 4635575, at *3 (S.D.N.Y. Aug. 19, 2014) (observing that the Second Circuit "has repeatedly upheld dismissal as an appropriate sanction where the non-compliant parties were warned of the possibility").
Given Defendants' past and repeated disregard of discovery requests and this Court's orders, in addition to the involvement of Defendants in the manufacturing of false documentation, "no useful purpose would be served in issuing another discovery order or in imposing fines." Stirrat, 2004 WL 2212096, at *3. It is exceedingly likely that any other sanction would simply result in another letter from Plaintiffs sooner rather than later seeking to compel disclosure or seek sanctions on some other *260 discovery matter-"déjà vu all over again." In re New York Int'l Hostel, Inc., 1997 WL 633522, *2 (S.D.N.Y. Oct. 14, 1997) (citing Yogi Berra). More to the point, "if a court does not eventually follow through on its warnings, it risks undermining its ability to control current and future would-be wayward litigants." Local Union No. 40, 88 F.Supp.3d at 265 ; see Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1064 (2d Cir. 1979) (quotation marks and internal citations omitted) ("[U]nless Rule 37 [sanctions are] perceived as a credible deterrent rather than a paper tiger, the pretrial quagmire threatens to engulf the entire litigative process."). Striking the Answer is warranted. See Embuscado v. DC Comics, 347 Fed.Appx. 700, 701 (2d Cir. 2009) (affirming dismissal after three months of noncompliance with discovery order).
Accordingly, Defendants' Answer is stricken. Plaintiffs are instructed to submit a proposed briefing schedule for a judgment on default within seven days.
It is so ordered.